UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN CARL FRANCIULLO, ) <br> ) <br> Defendant. ) <br> ) | MJ-07-4053-1 <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE |

Plaintiff moved to dismiss the complaint without prejudice. (Ct. Rec. 24). Defendant moved for dismissal with prejudice or without designation. (Ct. Rec. 17). Both motions are based on the government's failure to indict the defendant within 30 days of arrest as required by 18 U.S.C. § 3161(b). The court held a hearing on May 17, 2007, on the motions to dismiss. James P. Hagarty, Assistant Untied States Attorney, appeared on behalf of the plaintiff. Defendant appeared with counsel Rebecca L. Pennell. After conducting the hearing, considering the arguments of counsel, and reviewing the record herein, the Court **GRANTS** defendant's motion to dismiss the complaint with prejudice (Ct. Rec. 17) and **DENIES** plaintiff's motion to dismiss without prejudice. (Ct. Rec. 24).

When the government fails to indict a defendant within 30 days of arrest as required by 18 U.S.C. § 3161(b), dismissal of the complaint is mandatory. *United States v. Penn-Carrillo*, 46 F. 3d 879, 882 (9th Cir. 1995), *citing United States v. Pollock*, 726 F. 2d 1456, 1462 (9th Cir. 1984). Before determining whether a complaint should be dismissed with or without prejudice, the district court must conduct a hearing on notice, make factual findings, and apply three factors: "(1)

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice." *Pena*, 46 F. 3d at 882, *citing United States v. Taylor*, 487 U.S. 326 (1988) and 18 U.S.C. § 3162 (a ) (1).

Applying the first factor, the Court finds that possession of a firearm by a prohibited person (felon), in violation of 18 U.S.C. § 922(g)(1), is, in this case, a serious offense. The Court notes that the complaint charges the defendant with possessing a "pipe bomb," fully intact but for the fuse, and it is alleged that the defendant possessed material that could be used as a fuse. This factor tends to favor dismissal without prejudice.

Applying the second factor, the Court considers the facts and circumstances leading to dismissal. The government acknowledged that the defendant was not timely indicted due to simple miscalculation of dates. Before the grand jury convened in Yakima on May 15, 2007, more than 30 days had already elapsed and defendant had filed a motion to dismiss. Plaintiff advised the Court that this case was on the May 15, 2007, grand jury calendar but was withdrawn pending the Court's consideration of defendant's motion to dismiss. As in *Pena,* the failure to secure an indictment within 30 days was apparently inadvertent and there is no evidence of "purposeful wrongdoing" by the prosecutor. Unlike *Pena*, the prosecutor here did not attempt to rectify this error by indicting the defendant as soon as possible after the error was brought to light. This factor tends to weigh slightly in favor of dismissal with prejudice.

The third and final factor is the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. The court must examine whether deterring prosecutorial misconduct and delay would be served by barring reprosecution. At the hearing the government indicated that it was not plaintiff's intent to move forward with the crime charged in the complaint (felon in possession of a firearm). According to the government, future prosecution would *not* involve charging the defendant with the same crime alleged in the complaint; reprosecution is thus not at issue. This factor appears to favor dismissal with prejudice. Taking all three factors into account, the Court **GRANTS** the defendant's motion to dismiss the criminal complaint with prejudice (Ct. Rec. 17).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
WITH PREJUDICE

DATED this 17ʰ day of May, 2007.

/s/ Michael W. Leavitt
_____
Michael W. Leavitt
United States Magistrate Judge